## Mimoni, Admx., v. P. R. R. Co., Appellant.

*Negligence—Railroads—Track repairman—Passenger train—Collision with—Warning—Death—Federal Employers' Liability Act.*

In an action of trespass under the Federal Employers' Liability Act to recover for the death of plaintiff's decedent, it appeared that the decedent was working as a track repairman when he was struck and killed by an approaching train. The evidence disclosed that decedent was working with his back toward the approaching train; that the train, approaching at the rate of twenty-five miles an hour, gave its first and only warning when about one hundred thirty feet from the decedent; and that the foreman in charge did not blow his whistle until after he heard the warning of the approaching train.

In such case the question of defendant's negligence was for the jury, and a verdict for the plaintiff will be sustained.

Argued April 30th, 1928. Appeal No. 4, April T., 1928, by defendant, from judgment of C. P., Allegheny County, July T., 1924, No. 149, in the case of Maggie Mimoni, Administratrix of the Estate of Angelo Viscusi v. Pennsylvania Railroad Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass under Federal Employers' Liability Act to recover for the death of plaintiff's decedent. Before REID, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1211.50, and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*Samuel W. Pringle,* and with him *Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*Ralph P. Tannehill,* and with him *Rody P. Marshall,* for appellee.

OPINION BY LINN, J., July 12, 1928:

This suit was brought under the Federal Employers' Liability Act, 35 Stat. 65, Barnes' Federal Code 8069, 8071, to recover for the death of a track repair man. The only question here is whether there was evidence of negligence. He was one of a gang making repairs for about a week on a four-track line. For convenience we shall refer to them as tracks 1, 2, 3 and 4; between these standard gauge tracks was a strip of about 7 feet, referred to by witnesses as "the 7 foot." Taking the evidence most favorably supporting the verdict, the jury may have found the following: Decedent, with his back toward the west, was in "the 7 foot" between tracks 1 and 2, digging up ballast with a fork. The track was almost straight, a witness saying "it has a little bend" in the direction from which the train came. On track 1 there was a long freight train; it is uncertain whether it had stopped or was slowly moving. Decedent was struck by a passenger train approaching from the west on track 2 at 20 to 25 miles an hour. When it was four rail lengths (a rail length being described as 33 feet) from decedent, it gave the first and only warning of its approach by blowing a whistle. There is no evi-

dence to indicate why the engineer did not see and warn decedent sooner, for, if he saw him, it was his duty to warn, and for all that appears in the case, he should or must have seen him.

When the train blew its warning, the foreman of the gang was 50 to 100 feet further west than decedent from the approaching train. As soon as he heard the engine whistle, he blew his own pocket whistle, supplied to him by defendant for the purpose, as he said, "if I see any train to whistle the men off" the track. He testified that when he heard the engine whistle, "I turned back and blowed my whistle and started to run the other way, but it was too late."

We may, therefore, not differ from the jury in concluding that timely warning was not given. We all agree that in such circumstances (defendant called no witnesses) defendant's negligence was for the jury.

No question arises concerning decedent's contributory negligence; the statute authorized the jury (and the court so charged) to diminish the damages "in proportion to the amount of negligence attributable to such employe"; as the verdict was for only $1,211.50 (the undertaker's bill alone being $311.50), it is fair to conclude that the jury took decedent's contributory negligence into account.

Judgment affirmed.